**Form 3015-1 - Chapter 13 Plan**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

**MODIFIED CHAPTER 13 PLAN**

In re:
**Christine M Siewert**

Dated: March 3, 2011

DEBTOR

Case No. 10-49008

*In a joint case,*
*debtor means debtors in this plan.*

1. **DEBTOR'S PAYMENTS TO THE TRUSTEE —**
   a. As of the date of this plan, the debtor has paid the trustee $ **0.00** .
   b. After the date of this plan, the debtor will pay the trustee $ **700.00** per **Month** for **2** months, beginning within 30 days after the order for relief for a total of $ **1,400.00** . The minimum plan payment length is ___ 36 or **X** 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
   c. The debtor will also pay the trustee **$770.00 for 15 months; then $1,080.00 for 43 months = $57,990.00.**
   d. The debtor will pay the trustee a total of $ **59,390.00** [line 1(a) + line 1(b) + line 1(c)].
   The debtor will provide the trustee with copies of her 2010, 2011, 2012, 2013 and 2014 tax returns as soon as each is filed. The debtor will be allowed to keep a total of $1,200.00 from the tax returns received for each tax year and will pay the balance of the refund to the trustee as additional payments into the plan.

2. **PAYMENTS BY TRUSTEE —** The trustee will pay from available funds only creditors for which proof of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **5,939.00** , [line 1(d) x .10].

3. **ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)] —** The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

   | *Creditor* | | *Monthly Payment* | *Number of Months* | | *Total Payments* |
   |---|---|---|---|---|---|
   | -NONE- | $ | | | $ | |
   | **a.** TOTAL | | | | $ | 0.00 |

4. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365] —** The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

   | *Creditor* | *Description of Property* |
   |---|---|
   | -NONE- | |

5. **CLAIMS NOT IN DEFAULT —** Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

   | *Creditor* | *Description of Property* |
   |---|---|
   | -NONE- | |

6. **HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)] —** The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. ***All following entries are estimates.*** The trustee will pay the actual amounts of default.

   | | *Creditor* | | *Amount of Default* | | *Monthly Payment* | *Beginning in Month #* | *Number of Payments* | | *TOTAL PAYMENTS* |
   |---|---|---|---|---|---|---|---|---|---|
   | a. | **BAC HOME LOAN SVCS LP/Wells Fargo** | $ | 9,473.21 | $ | 609.00 | 6 | 16 | $ | 9,473.21 |
   | b. | **BAC HOME LOAN SVCS LP/Wells Fargo** | $ | 1,408.43 | $ | 91.00 | 6 | 16 | $ | 1,408.43 |
   | c. | **TOPLINE CREDIT UNION** | $ | 95.00 | $ | 95.00 | 5 | 1 | $ | 95.00 |
   | d. | TOTAL | | | | | | | $ | 10,976.64 |

7. **CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e) ]** — The trustee will cure defaults on the following claims as set forth below. The debtor will pay for the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *All following entries are estimates, except for interest rate.*

| Creditor | Amount of Default | Int. rate (if applicable) | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| -NONE- | $ | $ | | | $ | |
| a. TOTAL | | | | | | $ 0.00 |

8. **OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** — The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor | Claim Amount | Secured Claim | Int. Rate | Beg. in Mo. # | (Monthly Pmnts) | x (No. of Pmnts) = | Pmnts on Account of Claim | + (Adq. Prot. from ¶ 3) = | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|
| -NONE- | $ | $ | | $ | | | $ | $ | $ |
| a. TOTAL | | | | | | | | | $ 0.00 |

9. **PRIORITY CLAIMS** — The trustee will pay in full all claims entitled to priority under § 507, including the following. *The amounts listed are estimates.* The trustee will pay the amounts actually allowed.

| | Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | **Attorney Fees** | $ 2,274.00 | $ 630.00 | 1 | 4 | $ 2,274.00 |
| b. | **INTERNAL REVENUE SVC** | $ Unknown | $ | | | $ 0.00 |
| c. | **MN DEPT OF REV** | $ Unknown | $ | | | $ 0.00 |
| d. | TOTAL | | | | | $ 2,274.00 |

10. **SEPARATE CLASSES OF UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows: **-NONE-**
The trustee will pay the allowed claims of the following creditors. *All entries below are estimates.*

| Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | $ |
| a. TOTAL | | | | | | $ 0.00 |

11. **TIMELY FILED UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ **40,200.36**  [line 1(d) minus lines 2, 6(c), 7(a), 8(a), 9(b) and 10(a)].

   a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $ **0.00** .

   b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $ **68,178.00** .

   c. Total estimated unsecured claims are $ **68,178.00**   [line 11(a) + line 11(b)].

12. **TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10 or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

13. **OTHER PROVISIONS** —

**14. SUMMARY OF PAYMENTS** —

| | | |
|---|---|---:|
| Trustee's Fee [Line 2] | $ | **5,939.00** |
| Home Mortgage Defaults [Line 6(c)] | $ | **10,976.64** |
| Claims in Default [Line 7(a)] | $ | **0.00** |
| Other Secured Claims [Line 8(a)] | $ | **0.00** |
| Priority Claims [Line 9(b)] | $ | **2,274.00** |
| Separate Classes [Line 10(a)] | $ | **0.00** |
| Unsecured Creditors [Line 11] | $ | **40,200.36** |
| **TOTAL [must equal Line 1(d)]** | $ | **59,390.00** |

*Insert Name, Address, Telephone and License Number of Debtor's Attorney:*
**Richard J Pearson 130308**
**Prescott & Pearson, P.A.**
**Po Box 120088**
**New Brighton, MN 55112-0088**
**(651) 633-2757**
**130308**

Signed  **/s/ Christine M Siewert**
**Christine M Siewert**
DEBTOR

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re:<br>CHRISTINE M SIEWERT | BKY No. 10-49008<br>Chapter 13 |
| Debtor(s) | |

### NOTICE OF HEARING TO APPROVE MODIFIED PLAN

TO: The debtor(s); US Trustee; Chapter 13 Trustee; and creditors and parties in interest.

1. The debtor(s), by the undersigned attorney, moves the court for approval of the modified plan dated March 3, 2011.

2. The court will hold a hearing on this motion at 10:30 a.m. on April 7, 2011 in Courtroom No. 7W, U.S. Bankruptcy Court, U.S. Courthouse, 300 S. Fourth St., Minneapolis, MN 55415.

3. Any objection to this modified plan must be filed and served by delivery not later than April 1, 2011 which is 5 days before the time set for the hearing including Saturdays, Sundays and holidays. UNLESS AN OBJECTION TO THE PLAN IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. This court has jurisdiction over this motion pursuant to 28 U.S.C. Sec 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1. The petition commencing this Chapter 13 case was filed December 7, 2011. This case is now pending in this court.

5. The plan is being modified to satisfy the concerns of the Chapter 13 Trustee.

Dated: March 3, 2011

**Prescott & Pearson, P.A.**

/s/ Richard J. Pearson

Jack L. Prescott #88079
Richard J. Pearson #130308
Attorneys for Debtor
443 Old Highway Eight #208
New Brighton, MN 55112-008
Telephone: (651) 633-2757

modnotdreher

## VERIFICATION

Christine M. Siewert, the Debtor(s) named in the Motion, declare(s) under penalty of perjury that the information therein contained is correct to the best of our knowledge, information and belief.

Dated:   March 3, 2011

Signed: _____
Christine M. Siewert, Debtor

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:
CHRISTINE M SIEWERT                         BKY No. 10-49008
                                            Chapter 13

          Debtor(s)        **UNSWORN DECLARATION**
                           **OF SERVICE**

   Lindy Voss, an employee at Prescott & Pearson, P.A., a law firm licensed to practice law in this court, with offices at 443 Eighth Avenue Northwest, New Brighton, Minnesota 55112, declares under penalty of perjury that on March 3 , 2011, I mailed the annexed   NOTICE OF HEARING TO APPROVE MODIFIED PLAN and MODIFIED CHAPTER 13 PLAN  by first class mail postage prepaid to each entity named below at the address stated for each entity:

                    SEE ATTACHED SERVICE LIST

and delivered to each entity below by way of electronic transmission by the United States Bankruptcy Court:

U.S. Trustee
Jasmine Z. Keller, Chapter 13 Trustee
Shapiro & Zielke, Attorney for Wells Fargo Bank


Executed on:    March 3, 2011

                                            /s/ Lindy Voss

                                            Lindy Voss

CHRISTINE M SIEWERT
3208 35TH AVE S
MINNEAPOLIS MN 55406

BAC HOME LOANS SERVICING
PROBERT & RAPHAEL LAW
20750 VENTURA BLVD STE 100
WOODLAND HILLS CA 91364

BAC HOME LOANS SVCS LP
7105 CORPORATE DR
PLANO TX 75024

BARCLAYS BANK CARD SVCS
AKA JUNIPER BANK
PO BOX 13337
PHILADELPHIA PA 19101-3337

DISCOVER CARD
COLLECTIONS DEPT
PO BOX 8003
HILLIARD OH 43026

DEPT STORES NATL BANK/MACYS
BANKRUPTCY PROCESSING
PO BOX 8053
MASON OH 45040

DISCOVER BANK
DFS SERVICES LLC
PO BOX 3025
NEW ALBANY OH 43054-3025

HFC HSBC RS
PO BOX 4153-K
CAROL STREAM IL 60197-4153

MACYS
PO BOX 689195
DES MOINES IA 50368-9195

MENARDS HSBC
DEPT 7680
CAROL STREAM IL 60116- 7680

PATENAUDE & FELIX APC
4545 MURPHY CANYON RD 3RD FL
SAN DIEGO CA 92123

PAYPAL BUYER CREDIT
PO BOX 960080
ORLANDO FL 32896-0080

QUANTUM 3 GROUP LLC
PO BOX 788
KIRKLAND WA 98083-0788

SAMS CLUB GEMB
PO BOX 530942
ATLANTA GA 30353-0942

SAMS CLUB DISCOVER
PO BOX 960013
ORLANDO FL 32896-0013

SHAPIRO & ZIELKE LLP
12550 W FRONTAGE RD
SUITE 200
BURNSVILLE MN 55337

TARGET NATL BANK VISA
PO BOX 660170
DALLAS TX 75266-0170

TOPLINE CREDIT UNION
9353 JEFFERSON HWY
MAPLE GROVE MN 55369

HSBC BANK NEVADA
BASS & ASSOCIATES
3936 E FT LOWELL RD STE 200
TUCSON AZ 85712

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**Christine M Siewert**
  Debtor(s).

SIGNATURE DECLARATION

Case No. **10-49008**

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☒ MODIFIED CHAPTER 13 PLAN
☐ OTHER (Please describe:_____)

I [We], the undersigned debtor(s) or authorized representative of the debtor, *make the following declarations under penalty of perjury:*

- The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;
- The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct;
- **[individual debtors only]** If no Social Security Number is included in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;
- I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages," if applicable; and
- **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: March 3, 2011

X _____  X _____
Signature of Debtor or Authorized Representative    Signature of Joint Debtor

**Christine M Siewert**
Printed Name of Debtor or Authorized Representative    Printed Name of Joint Debtor

Form ERS 1 (Rev. 10/03)

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com

Best Case Bankruptcy